Lisiecki v Roman Catholic Archdiocese of N.Y. (2023 NY Slip Op 06441)

Lisiecki v Roman Catholic Archdiocese of N.Y.

2023 NY Slip Op 06441

Decided on December 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 14, 2023

Before: Kapnick, J.P., Friedman, González, O'Neill Levy, JJ. 

Index No. 70413/21 Appeal No. 1219-1220 Case No. 2023-02012, 2023-04187 

[*1]Jonathan Lisiecki, Plaintiff-Respondent,
v
Roman Catholic Archdiocese of New York, Defendant-Appellant, Cardinal Spellman High School, Defendant. 

Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for appellant.
Hasapidis Law Offices, South Salem (Annette G. Hasapidis of counsel), for respondent.

Amended order, Supreme Court, Bronx County (Alexander M. Tisch, J.), entered July 21, 2023, which, insofar as appealed from as limited by the briefs, granted plaintiff's motion to compel discovery and directed defendant Roman Catholic Archdiocese of New York (RCANY) to produce certain documents identified as P 000004-000005 and P 000015-000016, unanimously affirmed, without costs. Appeal from, order, same court and Justice, entered April 5, 2023, unanimously dismissed, without costs, as subsumed in the appeal from the amended order, and as moot.
After an in camera review, Supreme Court providently exercised its discretion in determining that the two identified documents, letters from RCANY's former employee to Cardinal John O'Connor, were discoverable for plaintiff's claims of negligent hiring, retention, and supervision against the RCANY employee (see CPLR 3101[a]). The letters appear to relate back to incidents that occurred prior to and during the time period during which plaintiff alleges that he was a student at Cardinal Spellman High School and was being sexually abused by RCANY's former employee. The January 31, 1992 letter shows that the employee, with RCANY's consent, left New York State to go on sabbatical and was seeing a doctor who was communicating with RCANY, which is sufficiently related to the issues in controversy (see Anonymous v High School for Envtl. Studies, 32 AD3d 353, 358 [1st Dept 2006]). The July 8, 1992 letter indicates that RCANY's employee was attempting to overcome his "difficulty" between July 1985 and July 1992, which includes the subject time period when plaintiff was purportedly abused by that employee (i.e., 1985-1988). Evidence that RCANY knew or should have known that its employee sexually abused other students at plaintiff's high school, even if the sought-after documents were created after plaintiff was allegedly sexually abused, is relevant to prove that RCANY was negligent in failing to act before its employee abused plaintiff (see Harmon v Diocese of Albany, 204 AD3d 1270, 1274 [3d Dept 2022]; Melfe v Roman Catholic Diocese of Albany, N.Y., 196 AD3d 811, 815-816 [3d Dept 2021]).
The issue of whether Supreme Court lacked authority to amend its prior order to vacate the provision staying enforcement upon the filing of an appeal became moot once this Court stayed enforcement of the amended order pending appeal (see Perez v Nevarez, 92 AD3d 526 [1st Dept 2012]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 14, 2023